## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| DARREL RIVIERE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) Civil No. 2012-50 |
| DIRECTOR OF THE PUERTO RICO/UNITED | ) |
| STATES VIRGIN ISLANDS HIGH INTENSITY | ) |
| DRUG TRAFFICKING AREAS PROGRAM, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

ATTORNEYS:

**Darrel Riviere,**
United States Prison, Big Sandy -- Inez, KY
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Darrel Riviere ("Riviere") filed a document in this court which he captions as a "Request to Compel Disclosure of Agency Records Pursuant to Freedom of Information Act 5 U.S.C. § 552 and Privacy Act 552(a)."

On April 6, 2012, Riviere requested documents pursuant to the Freedom of Information Act (the "FOIA Request") from the Puerto Rico/Virgin Islands High Intensity Drug Trafficking Areas Program ("HIDTA"). Riviere sent his request to the Director of the HIDTA Task Force at 8195 Subbase, Chinnery Building, St.

*Riviere v. Holder*
Civil No. 2012-50
Order
Page 2

Thomas, Virgin Islands, 00802. Riviere alleges that he received

no response.

Riviere asks this Court for an injunction compelling the

Puerto Rico/Virgin Islands HIDTA to produce the documents he

requests.[1]

Under FOIA, a district court is authorized to issue an

injunction ordering the production of any agency record

improperly withheld from a complainant. 5 U.S.C.A. §

552(a)(4)(B). Upon filing of a complaint,

> the district court of the United States in the
> district in which  . . . the agency records are
> situated . . . has jurisdiction to enjoin the
> agency from withholding agency records and to
> order the production of any agency records
> improperly withheld from the complainant. In
> such a case the court shall determine the matter
> de novo, and may examine the contents of such
> agency records in camera to determine whether
> such records or any part thereof shall be
> withheld under any of the exemptions set forth
> in subsection (b) of this section. . . .

5 U.S.C.A. § 552(a)(4)(B) (West); *see also United States v.*

*Banks*, 313 Fed. Appx. 457, 458 (3d Cir. 2009); *see also North v.*

*Walsh*, 881 F.2d 1088, 1094 (D.C. Cir. 1989).

It is well settled that "[a] civil action is commenced by

filing a complaint with the court." Fed. R. Civ. P. 3. In

addition to the filing of a complaint, "[t]he clerk of each

---

[1] On September 28, 2012, the Department of Justice denied Riviere's FOIA request. Riviere has since appealed the denial of his FOIA request to the United States Department of Justice Office of Information Policy, an agency responsible for encouraging agency compliance with FOIA.

district court shall require the parties instituting any civil

action, suit or proceeding in such court, whether by original

process, removal or otherwise, to pay a filing fee of $350 . . .

. ." 28 U.S.C.A. § 1914 (West). To the extent that a claimant is

unable to pay a filing fee, the court

> may authorize the commencement . . . of any . .
> . action . . . without prepayment of fees . . .
> by a person who submits an affidavit that
> includes a statement . . . that the person is
> unable to pay such fees. . . .

28 U.S.C. § 1915(a)(1). That is, the Court may authorize the

person to proceed *in forma pauperis*.

Here, Riviere filed his petition on July 11, 2012. There is

no record evidence that Riviere either paid the required filing

fee or sought to proceed *in forma pauperis*.

In *Rohn v. Johnston*, 415 F. App'x 353, 354 (3d Cir. 2011),

Jamod Khalil Rohn ("Rohn") filed a civil rights action, but

failed to pay the $350 filing fee or submit a motion to proceed

*in forma pauperis*. *Id.* In that case, the Magistrate Judge issued

an Order notifying Rohn that he must either pay the filing fee

or complete his application to proceed *in forma pauperis* by a

date certain. *Id.* Thereafter, Rohn submitted some of the

required documents for an application to proceed *in forma*

*pauperis*, but did not complete his application. *Id.* Thereafter,

the Magistrate Judge ordered Rohn to show cause why his case

should not be dismissed for failing to comply with the order to

*Riviere v. Lopez*
Civil No. 2012-50
Order
Page 4

pay a filing fee or file a complete application to file *in forma pauperis*. *Id.* Rohn failed to show cause. *Id.* The district court ordered Rohn's action dismissed without prejudice. *Id.* Rohn appealed. *Id.* The United States Court of Appeals for the Third Circuit affirmed. *Id.*

Riviere finds himself in circumstances similar to those presented in *Rohn v. Johnston*, 415 F. App'x 353, 354 (3d Cir. 2011). In that case, the plaintiff was given an opportunity either to cure his failure, either by paying the filing fee or by completing his application to proceed *in forma pauperis*. *Id.* The Court finds that such relief is appropriate here.

Accordingly, it is hereby

**ORDERED** that, no later than June 4, 2014, Riviere shall pay the Court's filing fee or seek to proceed *in forma pauperis*, failing which this action may be dismissed.

S\ _____
       **CURTIS V. GÓMEZ**
       **District Judge**