DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| DARREL RIVIERE,<br><br>      Plaintiff,<br><br>      v.<br><br>DIRECTOR OF THE PUERTO RICO/UNITED<br>STATES VIRGIN ISLANDS HIGH INTENSITY<br>DRUG TRAFFICKING AREAS PROGRAM,<br><br>      Defendant. | Civil No. 2012–50 |

**ATTORNEYS:**

**Darrel Riviere,**
United States Prison, Big Sandy -- Inez, KY
    *Pro se.*

### ORDER

**GÓMEZ, J.**

Before the Court is a document filed by Darrel Riviere("Riviere"), which is captioned "Request for Notification on the Status of Petitioner's Request to Compel Disclosure of Agency Records Pursuant to 5 U.S.C. 552 and Privacy Act 522(a)."

### I.   FACTUAL AND PROCEDURAL HISTORY

Darrel Riviere ("Riviere") is a prisoner in the United States prison system. On April 6, 2012, Riviere requested documents under the Freedom of Information Act ("FOIA request") from the Puerto Rico/Virgin Islands High Intensity Drug Trafficking Areas Program ("HIDTA"), a division of the

Department of Justice ("DOJ"). On July 11, 2012, having not received a response, Riviere filed a document in this Court which he captions "Request to Compel Disclosure of Agency Records Pursuant to Freedom of Information Act 5 U.S.C. § 552 and Privacy Act 552(a)" ("FOIA complaint"). Riviere did not pay the Court's filing fee or file a petition to proceed *in forma pauperis*.

On September 28, 2012, the DOJ denied Riviere's FOIA request. In November 2012, Riviere appealed the DOJ's decision to the Office of Information Policy ("OIP"). The OIP responded that it was unable to determine what action Riviere was appealing. The OIP requested that Riviere provide the OIP with Riviere's initial FOIA request, the DOJ's denial of that request, and any other pertinent information. Riviere alleges that he complied with that request on December 16, 2012, but did not receive a response.

On September 3, 2013, Riviere filed a motion in this Court which he captioned as "Request for Injunctive Authority Under FOIA to 'Order the Production of any Agency Records Improperly Withheld from Complainant' 5 U.S.C. 552(a)(4)(B) also Id. 552(a)(6)(C)(i)." At that time, Riviere still had neither paid a filing fee, nor sought permission to proceed *in forma pauperis*.

On May 14, 2014, the Court warned Riviere that his case could be dismissed if he did not pay the filing fee or petition

to proceed *in forma pauperis* by June 4, 2014. Riviere did neither. Thereafter, on June 20, 2014, the Court dismissed this action because there was no evidence that Riviere had paid the filing fee or filed a petition to proceed *in forma pauperis*.

On October 24, 2014, Riviere filed a motion for reconsideration of the Court's June 20, 2014, order. Attached to his motion was a copy of the *in forma pauperis* request. Riviere informed the Court that he had previously delivered that *in forma pauperis* request to prison authorities on May 29, 2014.

On September 21, 2015, the Court granted Riviere's motion for reconsideration and reopened his case. The Court also directed the Magistrate Judge to consider Riviere's petition to proceed *in forma pauperis*. On September 21, 2015, the Magistrate Judge granted Riviere's *in forma pauperis* petition.

On March 30, 2016, Riviere filed a document captioned "Request for Notification on the Status of Petitioner's Request to Compel Disclosure of Agency Records Pursuant to 5 U.S.C. 552 and Privacy Act 522(a)," in which Riviera requested that the Court notify him of the status of his FOIA complaint.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4 ("Rule 4") outlines the requirements for service of process. Rule 4(i) addresses the proper method of effecting service on the United States and its agencies. That rule provides that, when a United States agency

is sued, the plaintiff must (1) either "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office"; (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."; and (3) "send a copy of the summons and of the complaint by registered or certified mail to the agency." *See* Fed. R. Civ. P. 4(i)(1)-(2).

### III. ANALYSIS

When a plaintiff has been granted leave to proceed *in forma pauperis*, "it is the district court's responsibility to serve process upon all defendants." *Jones v. Hashagen*, 419 Fed. App'x 141, 144 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992)). In those circumstances, the court "*must*" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3) (emphasis added); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

An *in forma pauperis* plaintiff is not without responsibilities, however.  Rule 4(c)(3) and 28 U.S.C. § 1915(d) only relieve an *in forma pauperis* plaintiff of responsibility

with respect to *effecting* service. An *in forma pauperis* plaintiff must still "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which he ha[s] knowledge." *Jones*, 419 F. App'x at 144 (original alterations omitted) (quoting *Young*, 960 F.2d at 359); *see also Tagliamonte v. Wang*, 496 F. App'x 208, 211 (3d Cir. 2012) ("[A] plaintiff, upon becoming aware of a service defect, may not 'remain silent and do nothing to effectuate such service.'" (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

Moreover, an *in forma pauperis* plaintiff must also prepare the summons for the clerk of the court. See Fed. R. Civ. P. 4(b). The text of Rule 4(b) "makes clear that the responsibility for filling in the summons falls on the plaintiff, not the clerk of the court." Fed. R. Civ. P. 4, advisory committee's note, 1993 amendment; *see also Pierce v. Kyle*, 445 Fed. App'x 201, 202 (11th Cir. 2011) (explaining that Rule 4(b) and Rule 4(c)(1) "provide that the plaintiff, not the court, is responsible for initiating service"). Rule 4(b) provides no exception for *in forma pauperis* plaintiffs.

Here, it does not appear that service was ever effected. There is also no indication in the record that Riviere ever prepared a summons or requested service. It also does not appear that the defect in service has been brought to Riviere's

attention, and Riviere has given the Court no indication that he is aware that service has not been effected.

Finally, the Court is concerned that the Clerk's office failed to provide notice that it customarily provides in response to an *in forma pauperis* plaintiff who seeks updates as to the status of his case. Indeed, ordinarily the Clerk sends a copy of the docket to *in forma pauperis* plaintiffs in response to a request of the kind that Riviere made. Here, the Clerk did not follow that protocol.

The premises considered, it is hereby

**ORDERED** that the Clerk of Court shall send a copy of this order to Darrel Riviere; it is further

**ORDERED** that the Clerk of Court shall send a copy of the docket to Darrel Riviere; it is further

**ORDERED** that the Clerk of Court shall send AO-440 Summons in a Civil Action to Darrel Riviere; it is further

**ORDERED** that no later than 3:00 P.M., November 10, 2016, to the extent he wishes to have service effected, Darrel Riviere shall prepare a summons (Form AO-440) in accordance with Federal Rule of Civil Procedure 4 and present the summons to the Clerk of Court; it is further

**ORDERED** that, upon return of the properly prepared summons, the Clerk of Court shall issue the summons; and it is further

**ORDERED** that, upon receipt of a completed summons, the United States Marshals shall serve the summons and a copy of Riviere's FOIA Complaint pursuant to Rule 4(i) of the Federal Rules of Civil Procedure and file proof of service with the Clerk of Court.

                                                                  S\_____
                                                                  **CURTIS V. GÓMEZ**
                                                                  **District Judge**