```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

                                        )
DARREL RIVIERE,                         )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )
                                        )    Civil No. 2012-50
DIRECTOR OF HIDTA VIRGIN ISLANDS        )
DIVISION,                               )
                                        )
          Defendant.                    )
                                        )
                                        )
```

ATTORNEYS:

**Darrel Riviere**
Federal Correctional Institution McDowell
Welch, WV
    *Pro se.*

**Gretchen Shappert, United States Attorney**
**Sansara Cannon, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of the United States to dismiss the complaint.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 6, 2012, Darrell Riviere ("Riviere") filed a request for certain documents with the "Director of the Virgin Islands High Intensity Drug Task Force," pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As of July 11, 2012,

Riviere had received no response. On that date, he filed a complaint in this Court seeking production of the requested documents. The only defendant named in the complaint is the "Director of HIDTA Virgin Islands Division."

On June 1, 2017, the United States filed a motion to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(1)

A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 178 (3d Cir.2000). In considering a facial challenge under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir.2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"); *Mortensen,* 549 F.2d at 891 (explaining that, in ruling upon a facial attack under Rule 12(b)(1), "the court must consider the allegations of the complaint as true"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to

dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.,* 462 F.3d 294, 299 (3d Cir.2006).

"[A] factual challenge[ ] attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (original alterations omitted) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); *see also Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) (holding that the factual basis for jurisdictional allegations in a complaint could be disputed before an answer was served). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the

plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

**B. Federal Rule of Civil Procedure 12(b)(6)**

"[W]hen ruling on a defendant's motion to dismiss [for failure to state a claim], a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir.2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.,* 127 S.Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964–65 (internal citations omitted). Thus, "[t]o

survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir.2007) (quoting *Bell Atlantic Corp.,* 127 S.Ct. at 1965).

### III.  ANALYSIS

The United States argues that this case must be dismissed because a High Intensity Drug Trafficking Area ("HIDTA") is not an agency for FOIA purposes.

FOIA provides that "[e]ach agency" shall make certain information available to the public. 5 U.S.C. § 552(a). The district courts are authorized "to enjoin . . . [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552 (a)(4)(B).

The term "agency" is defined as follows:

> "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include--
>
> **(A)**    the Congress;
>
> **(B)**    the courts of the United States;

>> **(C)** the governments of the territories or possessions of the United States;
>
> **(D)** the government of the District of Columbia;
>
> or except as to the requirements of section 552 of this title--
>
> **(D)** agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
>
> **(E)** courts martial and military commissions;
>
> **(F)** military authority exercised in the field in time of war or in occupied territory; or
>
> **(G)** functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; subchapter II of chapter 471 of title 49; or sections 1884, 1891-1902, and former section 1641(b)(2), of title 50, appendix;

5 U.S.C.A. § 551(1). In addition, the term "agency" specifically includes:

> any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency . . . .

5 U.S.C. § 552(f)(1).

To determine whether a HIDTA is an agency, the Court will consider the structure of the HIDTA program. Pursuant to the HIDTA program, the Director of National Drug Control policy (the "Director") "may designate any specified area of the United States as a high intensity drug trafficking area." 21 U.S.C. § 1706(b)(1). Once a HIDTA is designated, the Director may:

- **(A)** obligate such sums as are appropriated for the [High Intensity Drug Trafficking Areas] Program;

- **(B)** direct the temporary reassignment of Federal personnel to such area, subject to the approval of the head of the department or agency that employs such personnel

- **(C)** take any other action authorized under section 1703 of this title to provide increased Federal assistance to those areas; and

- **(D)** coordinate activities under this section (specifically administrative, recordkeeping, and funds management activities) with State, local, and tribal officials.

21 U.S.C. § 1706(b)(2).

A HIDTA is only eligible to receive funds under the High Intensity Drug Trafficking Areas Program if it is governed by an Executive Board, which is responsible for:

- **(E)** providing direction and oversight in establishing and achieving the goals of the high intensity drug trafficking area;

- **(F)** managing the funds of the high intensity drug trafficking area;

> **(G)** reviewing and approving all funding proposals consistent with the overall objective of the high intensity drug trafficking area; and
>
> **(H)** reviewing and approving all reports to the Director on the activities of the high intensity drug trafficking area.

21 U.S.C. § 1706(e)(1)-(2). Furthermore, funds appropriated under the High Intensity Drug Trafficking program generally may not be expended if "[t]he Executive Board for such area, region, or partnership, does not apportion an equal number of votes between representatives of participating Federal agencies and representatives of participating State, local, and tribal agencies." 21 U.S.C. § 1706(e). Thus, a HIDTA is a joint federal-local partnership governed by an executive board composed of representative from both federal and local agencies.

Congress also specifically provided that:

> The eligibility requirements of this section are intended to ensure the responsible use of Federal funds. Nothing in this section is intended to create an agency relationship between individual high intensity drug trafficking areas and the Federal Government.

21 U.S.C. § 1706(f) (the "HIDTA agency exclusion provision").

The existence of the HIDTA agency exclusion provision is significant to the inquiry here. Indeed, Congress has, in other statutes, specifically provided that certain entities created by the federal government are not "agenc[ies] or establishment[s]

of the United States Government." 47 U.S.C. § 396(b) (Corporation for Public Broadcasting); *see also* 16 U.S.C. § 3701 (National Fish and Wildlife Foundation); 49 U.S.C. § 24301(a)(3) (AMTRAK). Those express statements exclude entities--which could otherwise constitute agencies--from the provisions of FOIA. *See Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 392, 115 S. Ct. 961, 971, 130 L. Ed. 2d 902 (1995) ("[A statutory provision indicating that Amtrak is not an agency or establishment of the United States] . . . is assuredly dispositive of Amtrak's status as a Government entity for purposes of matters that are within Congress's control--for example, whether it is subject to statutes that impose obligations or confer powers upon Government entities, such as the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* . . .").

The Court is persuaded that the HIDTA agency exclusion provision is just such a provision that excludes a HIDTA from the definition of agency, and the reach of FOIA. Under these circumstances, to the extent Congress wished for a HIDTA to be subject to FOIA, Congress could have said so. *See, e.g.,* 22 U.S.C. § 5841(h)(1) ("Notwithstanding the fact that the Democracy Corps is not an agency or establishment of the United States Government, the Democracy Corps shall be required to comply fully with all of the provisions of section 552 of Title

5."). Congress did not. On balance the Court is persuaded that HIDTA is not an agency within the reach of FOIA.

As a HIDTA is not an agency from which Riviere may obtain relief, Riviere has failed to state a claim upon which relief may be granted, and his complaint must be dismissed. *Cf., e.g., Pub. Citizen Health Research Grp. v. Dep't of Health, Ed. & Welfare*, 668 F.2d 537, 544 (D.C. Cir. 1981) (reversing the judgment of the district court and directing the district court to dismiss the complaint on the basis that the National Capital Medical Foundation, Inc. was not an agency within the reach of FOIA)

An appropriate Judgement follows.

S\_____
**CURTIS V. GÓMEZ
District Judge**